PEOPLE ex rel. FITZGERALD v. FEITNER et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. TAXATION—ASSESSMENTS—CERTIORARI—CLERICAL ERRORS.
Where the command of a writ of certiorari sued out to review an assessment on real property only by mistake also refers to an assessment of personal property, when no such assessment has been·made, the writ should be modified by striking out everything relating to. personal property, and requiring a return to be made only with regard to the assessment of the real estate.

2. SAME—AUTHORITY TO ASSESS.

A writ of certiorari to review a tax assessment should not require defendants to specify by what authority, or claim of authority, they made the assessment.

3. SAME—RETURN—MODIFICATION OF WRIT.

Where respondent has made a return to the grievance alleged in a writ of certiorari, but not to its mandate, and a further return limited to the grievance has been ordered, but, before being made, the terms of the mandate have been materially modified, the return made and all subsequent proceedings will be canceled, and a return to the modified writ in the usual time and manner required.

Appeal from special term, New York county.

Certiorari to review an assessment of property for taxation, issued at instance of Mary A. Fitzgerald against Thomas L. Feitner and others, as commissioners of taxes and assessments of the city of New York. From an order denying defendants' motion to modify the writ, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, and INGRAHAM, JJ.

David Rumsey, for appellants.

Woolsey Carmalt, for respondent.

BARRETT, J. The relator sued out a writ of certiorari to review an assessment upon her real property. That was her sole grievance. Yet the command of the writ related to the action of the defendants touching an assessment of her personal property invested in business in this state. As the defendants had not assessed her personal property, but only her real estate, the command of the writ was evidently a clerical error; and so the relator concedes upon this appeal. Clearly, therefore, the writ should have been modified so as to strike out all that related to personal property, and require a return only with regard to the assessment of the relator's real estate. It should also be modified by striking out the words, "together with by what authority, or claim to authority, you have made such assessment." The defendants should not be required to specify the particular statute or law under which they proceed, nor should their action (upon this appeal) be tested solely by their own view of the source of their legal authority. Their authority is in the law, and that need not be pleaded. But we see no reason for otherwise modifying the requirements of the writ. They are not in other respects too broad.

It seems that the defendants made a return to the grievance alleged in the original writ, but not to its mandate. The court below, upon a previous application, compelled them to make a further return, still limited to the grievance, and having no relation to the mandate. The defendants complain that the order for such further return unwarrantably extended the terms of the writ, and accordingly they now ask that, upon the subject-matter of the mandate being changed, they be relieved from the special directions as to the further return. The effect of the modification of the mandate of the writ is necessarily to call for an original return thereto. There has thus far been no return to such mandate. Now that the

subject-matter of that mandate is settled, the defendants should be required to make an original return to the modified and settled writ in the usual way. The old and ineffective return to the grievance is superseded by the present modification, and by the requirement thereupon of an original return to the proper writ. The order for a further return necessarily falls with the superseded return. When the defendants shall have made a return to the modified writ, the relator will then be at liberty, if so advised, to move for a further return in any particular that she may deem requisite. The question of the propriety of requiring a further return can then be considered and decided below, and any order on that head can be reviewed here upon the merits.

The order appealed from should therefore be reversed, with $10 costs and disbursements of the appeal, and the motion to modify the writ of certiorari granted in the particulars stated. The return already made and all subsequent proceedings should be canceled, and the defendants required to make an original return to the modified writ in the usual time and manner. All concur.